On Remand from the Alabama Supreme Court

KELLUM, Judge.[1]
The appellant, Roger Dixon, was convicted of attempted murder, a violation of §§ 13A-4-2 and 13A-6-2(a)(l), Ala.Code 1975, and of discharging a gun into an occupied vehicle, a violation of § 13A-11-61(b), Ala.Code 1975. The circuit court sentenced Dixon to 20 years’ imprisonment on the attempted-murder conviction; that sentence was split, and Dixon was sentenced to 5 years’ imprisonment, followed by 5 years’ supervised probation. On the discharging-a-firearm conviction, the circuit court sentenced Dixon to 10 years’ imprisonment, but split the sentence and ordered him to serve 3 years’ imprisonment followed by 5 years’ supervised probation. The circuit court ordered that the sentences were to run concurrently. ■ This Court affirmed Dixon’s conviction and sentence on June 27, 2008. See Dixon v. State, 55 So.3d 1250 (Ala.Crim.App.2008).
Dixon petitioned the Alabama Supreme Court for certiorari review, arguing, among other things, that the decision of this Court conflicted with Ex parte Dobyne, 805 So.2d 763 (Ala.2001), and Tomlin v. State, 695 So.2d 157 (Ala.Crim.App.1996), regarding his claim that L.A., who served as juror at Dixon’s trial, failed to truthfully answer a question during voir dire. The Supreme Court granted certio-rari review and, on June 30, 2010, reversed this Court’s judgment, holding that the circuit court “exceeded its discretion in denying Dixon’s motion for a new trial based on L.A.’s failure to disclose in response to a question on voir dire that criminal charges were pending against her”; it remanded the case to the circuit court to conduct a new trial. Ex parte Dixon, 55 So.3d 1257, 1261 (Ala.2010). In so holding, the Supreme Court concluded that under the factors set forth in Dobyne, Dixon was prejudiced by L.A.’s failure to disclose the fact that criminal charges were pending against her at the time of Dixon’s trial.
In light of the Supreme Court’s holding, Dixon’s convictions for attempted murder and discharging a gun into an occupied vehicle are reversed, and this case is remanded for the circuit court to conduct a new trial.
REVERSED AND REMANDED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. Judge Kellum was not a member of the Court of Criminal Appeals when the original decision in this case was released. This case was assigned to Judge Kellum on January 20, 2009.